

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. W. Meadows, Director
Texas Aeronautics Commission
Capitol Building
Austin, Texas

Dear Sir:

Opinion No. 0-7271

Re: Whether an independent or
common school district is a
"public agency" as defined
in Federal Airport Act, with
authority to own and operate
an airport, and related ques-
tion.

We acknowledge your letter of June 6, 1946, re-
questing this department's opinion on matters set out in
your letter quoted as follows:

"The Federal Airport Act (Public Law 377, 79th
Congress) Section 2, par. 7, reads:

"'Public agency' means the United States
Government or an agency thereof; a State, the
Territory of Alaska, the Territory of Hawaii,
or Puerto Rico, or an agency of any of them;
a municipality or other political subdivision;
or a tax-supported organization.

"Will you please furnish us an opinion as to
whether or not this term 'public agency' would in-
clude (1) an independent school district, (2) a com-
mon school district, as to the ownership and opera-
tion of an airport. Also, whether the above school
district, if permitted to own an airport, would have
authority to lease to individual operators."

School districts are quasi public corporations.
It is said by the courts, particularly with reference to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

independent school districts, that they are of the same general character as municipal corporations; in other words, "quasi municipal corporations", which derive their powers by delegation from the State. Attorney General Opinion Book, 1914-1916, p. 585; Love v. City of Dallas, 120 Tex. 351; Vann v. Miller, 170 S. W. 838; Thompson v. Elmo Independent School District, 269 S. W. 868. School districts are state agencies erected and employed for the purpose of administering the State's system of public schools, Love v. City of Dallas, supra, organized for convenience in exercising the governmental function of establishing and maintaining public free schools for the benefit of the people. Lee v. Leonard Independent School District, 24 S. W. (2d) 449.

Section 12 of Acts 1945, 49th Legislature, Chapter 344, recorded as Article 46c-1 in Vernon's Annotated Civil Statutes, provides as follows:

"'Municipality' means any county, incorporated city, village or town of this State and any other political subdivision or district in this State which is or may be authorized by law to acquire, establish, construct, maintain, improve, and operate airports and other air navigation facilities."

Based on said opinion and cases, we believe that a common or independent school district is a state agency coming within the term "public agency" as defined and contemplated within the provisions of the Federal Airport Act, Public Law 377, Acts of the 79th Congress; and that the federal law, insofar as the Federal Act is concerned, has given its permission to the school district to avail itself of the benefits of the Federal Act.

However, a school district, like a city or county, has only such powers as are expressly conferred upon it and such implied powers as are necessary to exercise express powers. Royse Independent School District v. Reinhardt, 159 S. W. 1010; Trustees of Independent School District of Cleburne v. Johnson County, 52 S. W. (2d) 71. The Texas Legislature has found it necessary to specifically confer on cities and counties the power to own and operate airports, Articles 1269h, 1269j, V.A.C.S., and has also found it necessary to confer said power on certain State colleges. Articles 2615c, 2650a, V.A.C.S.

No such authority or power to own and operate an airport has been conferred by State statute upon school districts, and we find no statute giving express or implied power to school trustees to purchase, maintain, acquire or operate an airport in and for the school district entrusted to their control and supervision. Articles 2780, 2754, 2756, 2772, 2773, V.A.C.S. It is of further significance, we think, that the 49th Legislature in Section 12 of Article 46c-1, hereinabove quoted, limited its definition of the term "municipality" as used in the State Aeronautics Statute to a political subdivision or district in the State "which is or may be authorized by law to acquire, establish, construct, maintain, improve and operate airports and other air navigation facilities".

It is, therefore, the opinion of this department that a school district has not been authorized or empowered by state law expressly or by implication to own and operate an airport.

Trusting the above satisfactorily answers your inquiries, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Chester E. Ollison_

Chester E. Ollison
Assistant

APPROVED AUG 9, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

CEO:fb



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN